```
UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF TEXAS
        HOUSTON DIVISION
```

| | |
|---|---|
| JOSEPH B. FLYNN, INDIVIDUALLY AND § <br> AS PERSONAL REPRESENTATIVE OF § <br> THE ESTATE OF JACQUELINE RENEE § <br> FLYNN, DECEASED, and MARIE § <br> ESTHER (FLYNN) SOORD, § <br> INDIVIDUALLY, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> AMERICAN HONDA MOTOR CO. INC., § <br> *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:11-CV-3908 |

## MEMORANDUM AND ORDER

Pending before the Court are three Motions for Summary Judgment, filed, respectively, by Defendant American Honda Motor Co., Inc. (Doc. No. 116), Defendants Continental GmbH and Continental Automotive Guadalajara, Mexico, S.A. de C.V. (Doc. No. 117), and Defendant Siemens Corporation (Doc. No. 118). Plaintiffs filed one Response in opposition to all three Motions for Summary Judgment. (Doc. No. 126.) Accompanying their Response, Plaintiffs filed an undated Affidavit of Geoffrey L. Mahon, P.E. (hereinafter "Mahon Affidavit"). (Exh. B, Doc. No. 126-2.) Mr. Mahon is one of Plaintiffs' expert witnesses in this case.

Defendants have filed Joint Objections to Plaintiffs' Summary Judgment Evidence (Doc. No. 130), and a Joint Motion to Strike the Mahon Affidavit (Doc. No. 131). For the reasons stated herein, Defendants' Motion to Strike is **DENIED**. Defendants' Objections are **SUSTAINED IN PART** and **OVERRULED IN PART**. The Mahon Affidavit shall be stricken from the record in part, as described below.

## I. PROCEDURAL BACKGROUND

Plaintiffs filed suit against American Honda Motor Co., Inc., Siemens Corporation, and numerous other Defendants on November 7, 2011, for claims arising out of the death of Jacqueline Flynn. Plaintiffs allege that when Ms. Flynn's 2001 Honda Civic was hit by a pickup truck on January 13, 2010, her airbags did not deploy on time, resulting in her death. (Doc. No. 1.)

In the two years since this suit was filed, the parties have engaged in extensive discovery, including investigations by and depositions of numerous expert witnesses. Plaintiffs designated Geoffrey Mahon as one of their expert witnesses and on January 15, 2014, Mr. Mahon produced a report stating his opinion that the airbags in Ms. Flynn's vehicle "deployed later than the required time." (Doc. No. 131, Exh. 2.) Mr. Mahon was deposed over two days in April, 2014.

On October 2, 2014, Defendants American Honda Motor Co., Inc., Continental GmbH, and Continental Automotive Guadalajara, Mexico, S.A. de C.V. filed Motions for Summary Judgment. (Doc. Nos. 116 and 117.) In part, Defendants argue that Plaintiffs lack the evidence necessary to make out a design defect claim because Mr. Mahon did not testify to a safer alternative design, as required by Texas law. Plaintiffs responded to Defendants' Motions on November 6, 2014. (Doc. No. 126.) Attached to their Response, Plaintiffs filed a seven-page Affidavit from Mr. Mahon. The Mahon Affidavit offered, among other things, Mr. Mahon's opinion that "there are safer alternative designs of the Honda airbag system; that such designs are economically feasible; and that such designs would have reduced the risk of harm in this case." (Doc. No. 126, Exh. B.)

Defendants have filed a Motion to Strike the Mahon Affidavit in its entirety. (Doc. No. 131.) They argue that many of the opinions contained in the Mahon Affidavit have not

previously been disclosed and therefore are improper. Defendants ask the Court to strike the Affidavit in its entirety as a sanction and to award Defendants their attorneys' fees and costs in filing the Motion to Strike. In addition, Defendants have filed forty-six specific Objections to the Mahon Affidavit. (Doc. No. 130.)

In response to Defendants' Objections and Motion to Strike, Plaintiffs argue that "most, if not all" of the matters identified by Defendants as new were discussed in Mr. Mahon's January 15, 2014, Expert Report. (Doc. No. 137 at 3.) Plaintiffs further argue that Defendants waived their right to object to the information contained in the Mahon Affidavit because they had the opportunity to ask questions that would illicit such information at Mr. Mahon's deposition, but they failed to do so. (*Id*. at 4-5.)

## II.     MOTION TO STRIKE AND OBJECTIONS

Under the Federal Rules of Civil Procedure, parties are required to make significant disclosures of expert testimony and the basis for that testimony prior to trial. Fed. R. Civ. P. 26(a)(2)(A). Rule 26 requires that an expert witness must provide a written report containing "**a complete statement of all opinions** the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). The purpose of the expert report is to "avoid the disclosure of 'sketchy and vague' expert information, as was the practice" under the previous version of the Rule. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). Moreover, the expert disclosures and reports must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Borden v. United States*, 537 F. App'x 570, 574 (5th Cir. 2013).

Rule 37(c) provides the appropriate sanctions for violation of the disclosures required by

Rule 26(a). If a party "fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts also may award attorneys' fees and reasonable expenses under Rule 37.

The Fifth Circuit has suggested four factors for district courts to consider in exercising the discretion to enforce a pretrial scheduling order. *Borden v. United States*, 537 F. App'x at 574. These factors are: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; (4) the availability of a continuance to cure such prejudice." *Id*.

In this case, the Plaintiffs have provided no explanation for the failure to submit a complete report on time – in fact, Plaintiffs insist the Mahon Affidavit does not include previously undisclosed opinions. The Court cannot agree. After reviewing Mr. Mahon's January 15 Report, the transcript of his two-day deposition, and the Mahon Affidavit, the Court concludes that significant portions of the Affidavit provide new, and therefore improper, opinions. The testimony is no doubt important – indeed, it may prove critical to the Plaintiffs' case – but allowing it would result in considerable prejudice to the Defendants. Moreover, although a continuance may be able to cure such prejudice, the Court has moved the date for closing discovery and the date of trial three times. (Doc. Nos. 89 and 91; Minute Entry, June 2, 2014.) Without any explanation from Plaintiffs as to why discovery should be re-opened, the Court must exclude the new testimony. The Court is always reluctant to exclude from trial information that could be helpful to the jury in reaching a verdict. But, the Court is even more reluctant to allow trial testimony and exhibits proffered long after the pertinent deadlines for production have passed, and in defiance of other parties' reasonable reliance on those deadlines.

It is true, however, that some portions of the Mahon Affidavit give clarification of previously disclosed opinions and do not provide new evidence. To the extent that the opinions in the Mahon Affidavit do not go beyond "proving up" the opinions contained in his January 15 report and discussed in his deposition, the Court will allow their inclusion. *See Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012) (concluding the district court did not abuse its discretion in excluding an affidavit because it contained opinions that went beyond "proving up" the opinions contained in the affiant's expert report). Defendants' Motion to Strike the Mahon Affidavit in its entirety and for attorneys' fees therefore is **DENIED**.

Instead the Court will hereby **SUSTAIN** Defendants' Objections insofar as they object to new opinions contained in the Mahon Affidavit. The following Objections are **SUSTAINED**: Objections 4, 7, 9, 10, 11, 12, 13, 14, 15, 18, 21, 22, 25, 26, 28, 30, 32, 36, 38, 39, 40, 42, and 44. All remaining Objections except for Objection 2 are hereby **OVERRULED**. The Court **DEFERS** ruling on Objection 2, which asks the Court to consider striking Mr. Mahon's statement that he has never been challenged successfully in a case where he provided expert opinions.

## III. CONCLUSION

The Court, having **DENIED** Defendants' Motion to Strike and **SUSTAINED IN PART** and **OVERRULED IN PART** Defendants' Objections to the Mahon Affidavit, hereby **ORDERS** that the following text (with paragraphs as numbered in Doc. No. 130, Exh. 1) shall be stricken from the Mahon Affidavit:

- From paragraph 13: "Failure to properly test a new platform with a new crash sensing system should be considered negligence on the part of Honda.";
- Paragraph 14 in its entirety;

5

- From paragraph 15: "In fact, I offered a design which included jerk in the algorithm as described in my patent 5,610,817. What I did not provide was the calibration values of the design which requires the crash test data from the crashes Honda never ran." and "There is no question that a jerk based sensor would sense small offset impacts, including the subject event, timely."; and
- Paragraphs 16 through 34 in their entirety.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this 8th day of December, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE