UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH B. FLYNN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JACQUELINE RENEE FLYNN, DECEASED, and MARIE ESTHER (FLYNN) SOORD, INDIVIDUALLY, <br><br> Plaintiffs, <br> VS. <br><br> AMERICAN HONDA MOTOR CO. INC., *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:11-CV-3908 |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Summary Judgment by Defendant American Honda Motor Co., Inc. ("Honda") (Doc. No. 116), and a Motion for Continuance and for Order Reopening Discovery ("Motion for Continuance") filed by Plaintiffs. (Doc. No. 141.) After considering the parties' filings, oral arguments, and the applicable law, the Court finds that the Motion for Continuance should be **DENIED**, and the Motion for Summary Judgment should be **GRANTED**.

I. BACKGROUND

Jacqueline Renee Flynn died on January 13, 2010, when her 2001 Honda Civic was struck in a collision with a Chevrolet truck. Ms. Flynn's airbags deployed but, as alleged by Plaintiffs, after a delay of critical milliseconds. Ms. Flynn was 23 years old at the time of the accident. Her parents brought this suit to recover damages resulting from the allegedly defective airbag system under theories of misrepresentation, breach of warranty, strict liability, and

1

negligence. (Amended Complaint, Doc. No. 20.)

Initially, Plaintiffs named sixteen separate Defendants. (Doc. No. 1.) Most of the Defendants were dismissed voluntarily.[1] At a hearing held December 10, 2014, the Court also dismissed Plaintiffs' claims against Defendant Siemens Corporation and Defendants Continental Automotive GmbH and Continental Automotive Guadalajara, México, S.A. de C.V. (collectively, "Continental Automotive"). The sole remaining Defendant, therefore, is American Honda Motor Co., Inc. ("Honda"), which manufactured the car Ms. Flynn was driving when the accident occurred.

In the three years since this suit was filed, the parties have engaged in extensive discovery, including investigations by and depositions of numerous expert witnesses. In that time, the Court has twice ordered the extension of the discovery deadline, upon motion of the parties. (*See* Doc. Nos. 93 and 113.) The trial date has also been moved twice, and is currently set for February 9, 2014.

## II. MOTION FOR CONTINUANCE

Plaintiffs' Motion for Continuance seeks a reopening of discovery for 90 days, based on recent national news stories that have revealed that Honda failed to report 1,729 accidents to federal regulators. (Doc. No. 141.) Federal law requires automakers to report all deaths and injuries involving their vehicles to the National Highway Traffic Safety Administration. (*See* Christina Rogers, *Honda Says It Underreported Serious Accidents*, WALL STREET J., Nov. 24, 2014, Doc. No. 141, Exh. B.) According to news articles attached to Plaintiffs' Motion, Honda claims that the under-reporting was inadvertent and the result of data entry and coding errors discovered during an audit. (*See* Hiroko Tabuchi, *Honda Failed to Report Defects' Full Human*

---

[1] One of the voluntarily-dismissed Defendants was TK Holdings, Inc., the parent company of Takata Corporation, which manufactured the airbag in Ms. Flynn's vehicle. (Doc. No. 58.)

*Toll*, N.Y. TIMES, Nov. 24, 2014, Doc. No. 141, Exh. A.) Plaintiffs argue that they have been "highly prejudiced" by "Honda's blatant refusal and/or failure to report these accidents." (Doc. No. 141 at 2.) Plaintiffs want to investigate how many of the unreported accidents were caused by defects *other* than the exploding air bag defect at issue in the recent recall of Takata airbags. (*See, e.g.*, Ashley Halsey III, *Honda Says It Didn't Report 1,729 Claims For Death Or Injury*, WASH. POST, Nov. 24, 2014, Doc. No. 141, Exh. C.) Plaintiffs argue that it is highly probable that many of these accidents were caused by the alleged defect in this case – a defect in the design of the airbag sensor system. (Doc. No. 141 at 2.) In addition to reopening discovery, Plaintiffs seek permission to "rejoin Takata," which the Court interprets as permission to rejoin former Defendant T.K. Holdings, Inc., Takata's parent corporation. (*Id*. at 3.)

Although Plaintiffs do not specify as much, the Court interprets their Motion for Continuance as falling under Rule 16 of the Federal Rules of Civil Procedure, which allows a schedule to be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Leza v. City of Laredo,* 496 F. App'x 375, 376 (5th Cir. 2012) (internal citations omitted). Specifically, courts consider four factors in determining whether to amend a scheduling order for good cause under Rule 16(b): "(1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice." *Id*.

In this instance, the Court simply cannot find good cause for reopening discovery pursuant to Rule 16(b)(4). Plaintiffs already conducted discovery on other incidents involving the airbags in Honda vehicles. Specifically, Plaintiffs sought documents related to "'all

litigations, suits, claims, arbitrations, mediations, lawsuits, administrative hearings and all investigations' including all reports in response to all U.S. government regulations, all state regulations, all European regulations with the EU and all Asian, Central and South American regulations." (Doc. No. 144 at 19, quoting Exh. 5, Honda's Objections and Responses to Plaintiffs' First Request for Production.) In response, Honda objected to Plaintiff's request, but also stated that it "conducted a reasonable search for lawsuit complaints in which it is alleged that the driver of a 2001 Honda Civic was injured because the driver airbag did not deploy timely in a crash," and that Honda found no such complaints. (Doc. No. 144, Exh. 5 at 7.) Plaintiffs have presented no evidence and made no argument to the Court that the search conducted by Honda in response to Plaintiffs' discovery request was inadequate in light of Honda's failure to report claims to federal regulators.

In addition to Plaintiffs' insufficient explanation for the failure to complete discovery on time, the Court is persuaded as well that reopening discovery would render significant prejudice to the Defendant. Although the basis for Plaintiffs' request is the recent revelation that Honda failed to report certain accidents to federal regulators, the request itself has a much broader sweep. Plaintiffs seek a general reopening of discovery for three months, during which time they could produce additional expert testimony similar to the affidavit stricken by this Court as untimely. (Doc. No. 142.) As explained in Honda's Motion to Strike that affidavit, Honda's key expert has already been tendered for his trial deposition because he has since moved to China. (Doc. No. 131 at 15.) Honda also expended resources conducting a two-vehicle crash test to counter the theory of Plaintiffs' main expert, Mr. Mahon. (*Id*.) If the Court were to allow a general reopening of discovery, Defendants' reasonable reliance on the existent deadlines in preparing their case would be for naught. Plaintiff's Motion for Continuance is **DENIED**.

### III. MOTION FOR SUMMARY JUDGMENT

Also pending before the Court is Honda's Motion for Summary Judgment. (Doc. No. 116.) Honda argues that summary judgment is appropriate because Plaintiffs have no evidence to support their marketing or manufacturing defect allegations or their misrepresentation claim, and argue Plaintiffs' remaining warranty claims are barred by limitations. (*Id*. at 1.) In response, Plaintiffs concede that there is no evidence to support either a manufacturing defect claim or a marketing defect claim. (Doc. No. 126 at 2.) Plaintiffs also abandon their claim for misrepresentation. (*Id*.) The only remaining claims to be considered by the Court, therefore, are Plaintiffs' claims of a design defect under theories of strict liability, breach of warranty, and negligence.

### 1. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Importantly, "the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*." *Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir.1995) (emphasis in the original). Material facts are those whose resolution "might affect the outcome of the suit under the governing law[.]" *Id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. A court may consider any evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). "However,

neither conclusory allegations nor hearsay, unsubstantiated assertions, or unsupported speculation will suffice to create or negate a genuine issue of fact." *Neal v. City of Hempstead, Tex.*, No. 4:12-CV-1733, 2014 WL 3907770, at *1 (S.D. Tex. Aug. 11, 2014) (Ellison, J.) (citations omitted).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact, but it need not negate the elements of the nonmoving party's case. Fed. R. Civ. P. 56(a); *Willis*, 61 F.3d at 315 (citing *Celotex*, 477 U.S. at 322–23). If the burden of proof at trial lies with the nonmoving party, the moving party may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, "[i]f the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir.2008).

Once the moving party has met its burden, the nonmoving party must come forward with specific evidence and articulate how it supports its claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir.2007). Simply resting on the allegations in the pleadings will not suffice. Neither will this burden be "satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (internal quotations omitted). In deciding a summary judgment motion, the court must draw all reasonable inferences in the light most favorable to the nonmoving party, and it cannot make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## 2. Design Defect Claim

Texas products liability law recognizes three kinds of product defects that will give rise to an actionable claim: manufacturing defects, design defects, and marketing defects. *Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 732 (Tex. App. 1992), *writ denied*, (Sept. 29, 1993). "Liability for personal injuries caused by a product's defective design can be imposed under several legal theories, among them negligence, breach of warranty, and strict products liability. The requisite proof for recovery on a design defect claim was prescribed by statute in 1993 and made the same for any legal theory asserted." *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999). *See also* TEX. CIV. PRAC. & REM. CODE § 82.001(2) (defining "products liability action").

To prevail on his design defect claim, a plaintiff must prove that "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 330 (5th Cir. 2014). *See also* TEX. CIV. PRAC. & REM. CODE § 82.005(a)(l)-(2). Texas law defines "safer alternate design" as a product design other than the one actually used that in reasonable probability:

> (1) would have prevented or significantly reduced the risk of the plaintiff's personal injury, property damage, or death without substantially impairing the product's utility; and
> (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

TEX. CIV. PRAC. & REM. CODE § 82.005(b). *See also Casey*, 770 F.3d at 331; *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 196 (5th Cir. 2006).

Honda argues that summary judgment is appropriate because Plaintiffs have not presented evidence of a safer alternative design. According to Honda, Plaintiffs' expert has

7

offered only a generalized concept for a design, which is insufficient under Texas law. (Doc. No. 116 at 7.) Put simply, Plaintiffs' argument in response is that their safer alternative design consists of an algorithm that converts data from a car's sensors into a signal that tells the airbags when to deploy. Honda used one algorithm and Plaintiffs propose that a different one – an algorithm patented by Plaintiffs' expert Mr. Mahon – should have been used instead. However, in order for the algorithm to be used in any particular vehicle, that type of vehicle has to be put through a series of test crashes – essentially, in order for the algorithm to be "fitted" to a particular make and model car, it needs baseline data. (*See* Expert Report of Geoffrey L. Mahon, Doc. No. 116, Exh. 1 at 7-8; Transcript of Deposition of Geoffrey L. Mahon, Doc. No. 126, Exh. A, at 55, 137 (Apr. 14, 2014) and 185, 230, 259-60 (Apr. 15, 2015)).

The question of whether an algorithm lacking "fit" to a particular vehicle can constitute a safer alternative design is a difficult one. However, it is not a question the Court need consider today because of Plaintiffs' failure to provide evidence of economic feasibility. By definition, a safer alternative design must be reasonably probable to be economically feasible at the time the product left control of the manufacturer. *See* TEX. CIV. PRAC. & REM. CODE § 82.005(b)(2). "To establish economic feasibility, the plaintiff must introduce proof of the 'cost of incorporating [the] technology.'" *Casey*, 770 F.3d at 334 (citing *Honda of Am. Mfg., Inc. v. Norman*, 104 S.W.3d 600, 607 (Tex.Ct.App.2003)). "To prove economic feasibility where the product is not yet in use, courts generally require a party to present evidence of either an estimate or range of the cost of the alternative design." *Casey*, 770 F.3d at 335 (citing *Brochtrup v. Mercury Marine*, 426 Fed.Appx. 335, 339 (5th Cir.2011) (concluding that testimony from builder of alternative design that building cost was $400 was sufficient evidence of economic feasibility to avoid judgment as a matter of law); *A.O. Smith Corp. v. Settlement Inv. Mgmt.*, No. 2–04–270–CV,

2006 WL 176815, at *3–4 (Tex. Ct. App. Jan. 26, 2006) (concluding that detailed testimony about how proposed alternative design would add between $5 and $200 per unit was some evidence of economic feasibility)).

In this case, Plaintiffs presented no evidence of either an estimate or a range of the cost of implementing Mr. Mahon's alternative algorithm. Even if Mr. Mahon rendered an opinion that his alternative algorithm was economically feasible, it is not incumbent upon the Court to discover that evidence. "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Gonzalez v. Reed-Joseph Int'l Co.*, No. 4:11-CV-01094, 2013 WL 1578475, at *17 (S.D. Tex. Apr. 11, 2013) (Ellison, J.) (quoting *Skokak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1998)). Nevertheless, the Court has reviewed Mr. Mahon's expert report and deposition transcript, and finds that he offers no indication as to the cost of the algorithm Plaintiffs submit as a safer alternative design. The Court therefore finds summary judgment appropriate for Honda on Plaintiff's design defect claim.

### 3. Breach of Warranty and Negligence

Plaintiffs also assert their design defect claims under liability theories of breach of warranty and negligence. The requisite proof for recovery on a design defect claim is prescribed by statute and is the same for any legal theory asserted. *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999). *See also* TEX. CIV. PRAC. & REM. CODE § 82.001(2) (defining "products liability action"). As a result, Plaintiffs must establish the elements of a design defect claim set out in Texas statute, including the economic feasibility of a safer alternative design, in order to prevail under a breach of warranty or a negligence theory. *See* TEX. CIV. PRAC. & REM. CODE § 82.005. As stated above, the Court finds that Plaintiffs

have failed to do so. The Court therefore grants summary judgment in favor of Honda on Plaintiffs' remaining claims for breach of warranty and negligence.[2]

IV. **CONCLUSION**

The Court is always reluctant to dismiss a plaintiff's case prior to trial. Such reluctance increases by multiples when the underlying facts are as tragic as those in this case. Still, Texas statutory and case law admit of no other outcome. For the reasons stated above, the Court **GRANTS** summary judgment in favor of Honda on Plaintiffs' claims of design defect, manufacturing defect, and marketing defect, under all asserted theories. The Court also **GRANTS** summary judgment for Honda on Plaintiffs' abandoned claim of misrepresentation.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this 6th day of January, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] Honda argues in its Motion for Summary Judgment that Plaintiffs' breach of warranty claims are barred by the statute of limitations. Because the Court finds that Plaintiffs have not presented sufficient evidence to make out their underlying design defect claim, the Court does not address the limitations argument.