UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH B. FLYNN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JACQUELINE RENEE FLYNN, DECEASED, and MARIE ESTHER (FLYNN) SOORD, INDIVIDUALLY, §§§§§§§§ | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-3908 |
| § | |
| AMERICAN HONDA MOTOR CO. INC., *et al.*, §§§§ | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion for New Trial, Issuance of a New Scheduling Order, and for Other Relief. (Doc. No. 154.) For the reasons stated herein, Plaintiffs' Motion is **DENIED**.

**I.  BACKGROUND**

Jacqueline Renee Flynn died on January 13, 2010, when her 2001 Honda Civic was struck in a collision with a Chevrolet truck. Ms. Flynn's airbags deployed but, as alleged by Plaintiffs, after a delay of critical milliseconds. Ms. Flynn was 23 years old at the time of the accident. Her parents brought this suit to recover damages resulting from the allegedly defective airbag system under theories of misrepresentation, breach of warranty, strict liability, and negligence. (Amended Complaint, Doc. No. 20.)

Initially, Plaintiffs named sixteen separate Defendants. (Doc. No. 1.) Most of the Defendants were dismissed voluntarily. At a hearing held December 10, 2014, the Court also

dismissed Plaintiffs' claims against Defendant Siemens Corporation and Defendants Continental Automotive GmbH and Continental Automotive Guadalajara, México, S.A. de C.V. (collectively, "Continental Automotive").

On January 6, 2015, the Court granted summary judgment in favor of the sole remaining Defendant, American Honda Motor Co., Inc. ("Honda"), which manufactured the car Ms. Flynn was driving when the accident occurred.  (Doc. No. 150.)  Plaintiffs seek reconsideration of that decision.

## II.     LEGAL STANDARD

Plaintiffs filed a "Motion for New Trial" under Federal Rule of Civil Procedure 59, but did not state which subsection of Rule 59 applied to their request. Motions requesting a "new trial" are reviewed under Rule 59(a). Rule 59(a), however, allows for a new trial only after a trial has already taken place.  Because no trial was held in this case, Rule 59(a) does not apply. Instead, Rule 59(e) governs motions to alter or amend a judgment, which permits a movant to challenge a judgment that has been granted in the absence of a trial. Plaintiffs seek review of the Court's grant of summary judgment (Doc. No. 150), so Rule 59(e) appears to provide a more appropriate avenue for raising Plaintiffs' request.  *See Coleman v. FFE Transp. Servs., Inc.*, No. 3:12-CV-1697-B, 2013 WL 3878604, at *1 (N.D. Tex. July 29, 2013).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks omitted)). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Moreover, they cannot be used to argue a case under a new legal theory." *Id*.  In considering a motion for reconsideration, a court "must strike the proper

balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also In re Goff*, 579 Fed. App'x 240, 245 (5th Ci r.2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.").

**III.     ANALYSIS**

Plaintiffs make three arguments for why the Court's previous Order should be reconsidered: (1) that a safer alternative design was presented by Plaintiffs' expert in the form of a previous airbag sensor system used on earlier Honda models; (2) that an extended illness on the part of Plaintiffs' expert prevented Plaintiffs from preparing adequately to respond to the Motion for Summary Judgment; and (3) that new evidence regarding the Honda airbag recall has been developed since the Court's ruling. The Court will consider each argument in turn.

**A.     Safer Alternative Design**

In their Motion, Plaintiffs argue that their expert, Geoffrey Mahon, "expressed the clear-cut opinion that there existed a safer alternative design for the airbag system." (Doc. No. 154 at 2.) Specifically, Plaintiffs would have the Court reconsider its prior summary judgment Order based on reference in Mr. Mahon's expert report to a previous airbag sensor system that "utilized multiple sensors (5 of them)" and that "was affordable, no more than $80 per car." (*Id*. at 3-5.)

Plaintiffs fail to establish a manifest error of law or fact and fail to present new evidence. Indeed, Plaintiffs rely on an expert report that was available to them at the time the Motion for Summary Judgment was argued and decided. During the pendency of that Motion, Plaintiffs did

3

not make any argument that their safer alternative design consisted of a sensor system that Honda had used previously. Instead, Plaintiffs argued only that their expert would develop a more appropriate algorithm to be used in conjunction with the sensor system in place in Ms. Flynn's 2001 Honda Civic. Plaintiffs cannot present the Court with a new safer alternative design at this juncture. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005) (motions for reconsideration cannot be used to raise arguments which could, and should, have been made before the judgment issued).

### B. Inadequate Preparation

Plaintiffs next argue that the illness suffered by their expert "caused the preparation of Plaintiffs' Responses to the Summary Judgment Motion to be less effective than they otherwise would have been." (Doc. No. 154 at 6.) In the "interests of justice and equity," Plaintiffs ask the Court to reconsider a different, earlier Order sustaining many of Defendants' objections to an Affidavit by Plaintiffs' expert witness, Mr. Mahon, and excluding many of the opinions expressed therein as untimely. (Doc. No. 142.)

While the Court understands the difficulties Plaintiffs faced in preparing their summary judgment response, Plaintiffs have not established a manifest error of law or fact that would provide grounds for reconsidering the Court's earlier decision.

### C. New Evidence

Finally, Plaintiffs argue that newly-discovered evidence warrants reconsideration of the Court's Order granting summary judgment. Plaintiffs contend that a report of an audit performed on Honda's behalf found 166 incidents involving airbags that failed to deploy on a timely basis, and that these "potentially similar" incidents should have been reported by Defendants in response to Plaintiffs' discovery requests. (Doc. No. 154 at 7.) However,

Plaintiffs mischaracterize the audit findings.  The 166 files Plaintiffs cite are identified in the audit report as files concerning airbag *non-deployment*, not late deployment.  (*See* Doc. 154, Exh. B at 9.)  Moreover, the 166 files relating to non-deployment were "not-in-suit" files (*Id*. at 7) and therefore are not related to Defendants' response to Plaintiffs' discovery request that it "conducted a reasonable search for lawsuit complaints in which it is alleged that the driver of a 2001 Honda Civic was injured because the driver airbag did not deploy timely in a crash," and that Honda found no such complaints. (Doc. No. 144, Exh. 5 at 7.)  The Court finds that the new evidence Plaintiffs present is not relevant and, therefore, cannot serve as a basis for reconsideration.

## IV.     CONCLUSION

The Court remains troubled by the tragic facts of this case and extends its sympathies to Ms. Flynn's family and friends.  The Court also understands the frustration felt by the lawyers for her family.  Nonetheless, Plaintiffs have not met the exacting standard for success on motions under Rule 59(e).  Plaintiffs' Motion for New Trial therefore is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas on this the 30th day of March, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE